PER CURIAM.
This is an appeal from a final order of the School Board of Palm Beach County terminating the appellant, Wilhelmena Webber, as a member of the administrative and instructional staffs of the school system after a hearing on a variety of allegations of professional misconduct made against Webber. In essence, four issues are raised on appeal: the sufficiency of evidence to support the school board’s findings of misconduct; the authority of the school board attorney to participate in the proceedings; the right of the board to prosecute after initiating other rehabilitative procedures against the appellant; and the severity of the penalties imposed. We have carefully considered the arguments presented by the appellant on each of these issues, and together with a review of the record and the controlling legal considerations conclude that we must affirm the findings and conclusions of the board.
*71 We have reviewed the record of the proceedings and conclude that there is competent, substantial evidence to support each of the findings made by the board. Having determined the existence of such evidence, we have no authority to interfere with the fact-finding authority of the board. Woodworth v. Dept. of Education, 369 So.2d 1040 (Fla. 4th DCA 1979). We also see no basis in law to overturn the board’s denial of appellant’s motion to disqualify the school board attorney from participating in the proceedings. Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). Nor do we find the school system’s attempts to correct the alleged errant practices of the appellant as a legal bar to the disciplinary proceedings involved herein. Finally, we are compelled to affirm the penalty imposed on appellant by the opinion of the Florida Supreme Court in Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978), which held that: “So long as the agency imposes a penalty prescribed by law, it has acted within the range of its discretion and the penalty may not be overturned by the reviewing court except in situations where an agency’s findings were in part reversed.” Id., at 203.
Accordingly, the final administrative action of the board is hereby affirmed.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.
WALDEN, J., concurs specially with opinion.