**Terry BEARD, Plaintiff-Appellant,**

v.

**B.J. ANNIS, et al., Defendants-Appellees.**

**No. 83–8763**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Laronce Beard, Augusta, Ga., for plaintiff-appellant.

Leonard O. Fletcher, Jr., Augusta, Ga., for defendants-appellees.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Terry Beard appeals the district court's grant of summary judgment for the defendants in this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981, 1983, 1985. Beard also appeals the district court's award of attorney's fees to the defendants. We affirm.

Plaintiff alleged that the reduction in his salary and hours as the Veterans' Coordinator for the Veterans' Cost-of-Instruction Payments (VCIP) Program at Augusta Area Technical School was racially motivated.[1] The defendants moved for summary judgment arguing that the defendants did not engage in any racially discriminatory employment practices with respect to the plaintiff, or with respect to any other employee or former employee.

In support of their motion, the defendants filed a statement of material facts not in dispute and the affidavits of 15 present and former employees of the Richmond County School System who knew of the events surrounding the allegations made by Beard. Under Local Rule 6.6 of the Southern District of Georgia, the facts set forth in the defendants' statement of material facts are deemed admitted unless controverted by the plaintiffs. The statement and affidavits, as well as the depositions of

---

1. At the district court, Beard also alleged that the termination of his employment from Augusta Tech was racially motivated. On appeal, however, appellant maintains that the only issue is whether the reduction, prior to his termination, of his salary and of the number of hours worked was racially motivated.

school officials Jack Patrick and Dennis Harville, established that Beard was hired in 1975 for the position of Veterans' Coordinator. This position was totally funded by federal money from the VCIP Program, and plaintiff knew that his job depended on this federal funding. Because of a declining veteran enrollment at Augusta Tech and because nationwide funding for the VCIP Program was being reduced, the funding at Augusta Tech for the VCIP Program declined steadily. For the period from July 1, 1977, through September 30, 1978, the net award to the school was $40,-979.00; for the July 1, 1979, through June 30, 1980, period, the award had been reduced to $28,320.00. Finally, on June 26, 1981, the Department of Education informed the school that its VCIP funds were being eliminated because the school no longer met the program's eligibility requirements. These facts were known by Beard and are not in dispute.

With the decline in the sole source of funding for Beard's position, school authorities determined that it was necessary to make cutbacks in the VCIP Program at Augusta Tech. One secretary was laid off and, eventually, Beard's hours were reduced from a full-time to a part-time basis. At the recommendation of Defendant Harville, two clerical personnel were retained to provide necessary clerical and administrative assistance and to assist with counseling and referrals as needed in the absence of the coordinator.

Both Harville and Defendant Patrick testified that these employment decisions were based on a determination that the real need of the VCIP Program at that time was for clerical services, rather than for coordination. Patrick testified that while the number of veterans was decreasing, which meant less need for counseling, the paperwork and reports that were required by the federal government were increasing. He noted that the VCIP Program required the school to complete quarterly and annual reports, applications, enrollment certification papers, monthly attendance certifications on each veteran, special correspondence for veteran's problems, and other similar reports. He also explained that there had been an increase in audits from not more than once every two or three years to once a year.

When the VCIP Program funds for Augusta Tech were finally terminated in 1981, the school, after trying unsuccessfully to persuade the Department of Education to continue funding the school's program, laid off Beard and the two clerical personnel employed under the VCIP Program, one black secretary and one white secretary.

The defendants' motion having been properly supported, Beard could not rest upon the mere allegations or denials of his pleading but was required to set forth specific facts showing there was a genuine issue for trial. *See* Fed.R.Civ.P. 56(e). To counter the defendants' evidence, Beard filed his own affidavit and statement of material facts as to which there was a genuine issue. Record 262, 264–65. Plaintiff's statement did not set forth specific material facts that were in dispute but simply stated the issues to be determined in the case. Similarly, the statements in Terry Beard's affidavits did not create a disputed issue of fact because: (1) they were not in conflict with the facts alleged by the defendants; (2) they were ultimate or conclusory facts and conclusions of law; or (3) they referred to matters not even raised in defendants' affidavits or in the depositions of Patrick and Harville and which were not probative of the issue of why Beard's working hours and salary were reduced. *See Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135, 139 & n. 6 (5th Cir.1973); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2738, at 486–89 (1983).

We recognize that the disposition of an employment discrimination case by summary judgment should be used cautiously. *See Hayden v. First National Bank of Mt. Pleasant, Texas,* 595 F.2d 994, 997 (5th Cir.1979). Nonetheless, summary judgment may be entered if the plaintiff fails to raise any issue of fact indicative of

racially discriminatory conduct by the defendant. *See Aquamina v. Eastern Airlines*, 644 F.2d 506, 508 (5th Cir.1981). It is beyond dispute that because money from the only source of funding for Beard's job was decreased, the hours for his position were reduced and a secretary was laid off. After the hours were reduced, and even after the position was eliminated, the defendants did not seek other applications for the position and did not increase the hours of other VCIP Program employees. Instead, the school officials simply decided that with the decrease in funding and veteran enrollment yet increase in paperwork, and concomitant decreased need for a coordinator and increased need for clerical personnel, they would reduce the hours of the Veterans' Coordinator rather than those of the two clerical personnel, one of whom was black. This court does not sit in judgment over whether the defendants made the right employment decision in deciding to reduce Beard's hours instead of the hours of the two secretaries, only whether the decision was made on the basis of race. The circumstances surrounding the reduction of Beard's hours and salary do not raise an inference of discriminatory treatment. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–54, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981).

In his brief, appellant argues that a disputed issue of fact was whether the reason given for the decrease in Beard's hours, a decrease in funding and enrollment and an increase in paper work, was simply a pretext for the true reason for the reduction. However, the defendants produced depositions and affidavits that established legitimate, non-discriminatory reason for the reduction; Beard, in turn did not controvert defendants' proofs by setting forth specific facts showing that there is a genuine issue

whether the reason was merely a pretext for discrimination. *See Burdine*, 450 U.S. at 254–56, 101 S.Ct. at 1094–1095. Resolving all doubt as to the existence of material fact against the defendants and drawing all inferences from the underlying facts in the light most favorable to the plaintiff, *see Hayden*, 595 F.2d at 997, we agree with the district court that there was no genuine issue of material fact as to whether plaintiff's reduction in work hours and salary was the product of racial discrimination.[2]

Appellant Beard also contends that the district court erred in awarding attorney's fees to the defendants. At the hearing on defendants' motion for summary judgment, the judge noted that the plaintiff's allegations that Raymond McKinley was forced into retirement because of race, that the school board was operating and permitting racial discrimination as a pattern and practice, and that some decisions based on sexual favors were condoned by the school board were not made in a proper professional manner. McKinley denied the charge that he was forced into retirement; plaintiff's supposedly supporting witness as to the pattern or practice of discrimination, Justine Washington, emphatically denied the allegation; and no evidence even remotely suggested that the school board condoned decisions based on sexual favors. The judge further observed that the allegations were shown to be irresponsible, untruthful, outrageous, scandalous, and slanderous at times, evidencing a callous regard for the truth or the rights of the parties.

A suggestion of plaintiff's motivation in bringing this suit is found in circumstances surrounding the deposition of Oscar Florence. Florence apparently did not comply with a summons to appear at a scheduled deposition, so plaintiff sought and obtained

---

**2.** In failing to prove disparate treatment for a Title VII claim, Beard has also failed to meet the higher purposeful discrimination standard of proof for a violation of 42 U.S.C. §§ 1981, 1983. *See Grigsby v. North Mississippi Medical Center, Inc.*, 586 F.2d 457, 460–61 (5th Cir.1978); *Knight v. Nassau County Civil Service Commission*, 649 F.2d 157, 161–62 (2d Cir.), *cert. denied*, 454 U.S.

818, 102 S.Ct. 97, 70 L.Ed.2d 87 (1981). As to plaintiff's allegation that his evidence proved a pattern or practice of discrimination, the affidavits and depositions of those persons who appellant alleged have knowledge of actions and decisions which created and effected a pattern and practice of racial discrimination all refuted appellant's allegations.

a show cause order from the magistrate. The magistrate later found out that Florence failed to appear because he was incarcerated. The court withdrew the show cause order and directed the plaintiff to apply for leave to take Florence's deposition pursuant to Fed.R.Civ.P. 30(a). Plaintiff subsequently filed a motion for leave to take Florence's deposition, which the magistrate granted.

At the deposition, the questioning by plaintiff's attorney turned out to be unrelated to this case. Plaintiff's attorney, Laronce Beard, inquired into the circumstances of Florence's drug arrest by the GBI and asked Florence whether the GBI agent asked Florence about anyone. Florence responded that the officer asked about a lawyer named Vernon Neely and about Laronce Beard. Plaintiff's attorney then asked Florence if he had any conversation with the GBI agent since that time. After Florence answered, "no," plaintiff's counsel closed his questioning. Cross-examination by defendants' attorney revealed that Florence had nothing to do with the suit concerning Terry Beard's reduction in work hours at Augusta Tech and knew nothing of any relevance to the case.

It appears that appellant Beard or his attorney had a yearning to know if the GBI was asking those accused of crime about Laronce Beard but had no way of knowing except by misuse of process. While we express no opinion whether appellant or his counsel had reason to be concerned about the GBI's actions, this example of plaintiff's carefree use of the time and resources of the court and defendants' lawyers is a strong indication that the district court did not err in finding that plaintiff's prosecution of this case was not sincere.

 "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Furthermore, "the perception that counsel was primarily at fault in filing or maintaining a frivolous, groundless, or unreasonable claim should play no role in the decision whether to assess attorney's fees against the plaintiff in a Title VII case." *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916 (11th Cir.1982).

After reviewing the record in this case, we hold that the district court did not abuse its discretion in finding that this lawsuit was groundless, baseless, and frivolous at the time it was filed.

AFFIRMED.