Wilhelmena **WEBBER**, Plaintiff,

v.

**Thomas J. MILLS**, as Superintendent of the School of Palm Beach County, Florida; George H. Bailey, Susan R. Pell, Hugh MacMillan, Jr., Robert Howell, Louis J. Essa, Samuel Lovell, Paula Nesmith, as individuals and as members of the School Board of Palm Beach County, Florida; and their successors in office, Defendants.

No. 82–8483–CIV.

United States District Court,
S.D. Florida, N.D.

Sept. 10, 1984.

William Holland, Holland & Smith, Gerald W. Pletan, Wiederhold, Moses & Bulfin, West Palm Beach, Fla., for plaintiff.

Richard L. Oftedal, and Abbey G. Hairston, West Palm Beach, Fla., for defendants.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

IN THIS ACTION plaintiff WILHELMENA WEBBER, a black woman who served as principal of a public school in Palm Beach County, seeks injunctive and declaratory relief from defendant THE SCHOOL BOARD OF PALM BEACH COUNTY's order discharging and terminating her contracts of employment. Plaintiff charges that the defendant School Board, its members and officers, violated her civil rights in taking this action. Defendants now move to dismiss plaintiff's action on the basis of the doctrine of res judicata.

A review of the procedural history of this case is necessary. Plaintiff filed her complaint in November 1982. The court subsequently granted defendant's motion to abate the federal proceedings pending the outcome of a state court appeal of the School Board's decision upholding the suspension and termination. Defendants now have filed a motion for summary judgment (docket # 41), arguing that plaintiff's case should be dismissed on the grounds of res judicata.

The general rule is that res judicata bars relitigation of those claims that have been conclusively decided in an earlier proceeding. As a corollary to the general rule, res judicata operates to bar litigation of matters that should have been raised in the prior proceeding. The prior judgment is conclusive not only with respect to every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented. This application of the doctrine of res judicata operates to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits. An unsuccessful party may not, therefore, frustrate the doctrine of res judicata by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation.

Plaintiff here asserts that she purposefully did not litigate the constitutional issues now pending before this court. The fact remains, however, that the plaintiff seeks to vindicate the same wrong in both the state and federal proceedings.

The United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States have spoken on this subject in the recent past. In *Migra v. Warren City School District Board of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), and *Kremer v. Chemical*

*Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Court held that a state court judgment affirming agency or board action can be res judicata as to constitutional claims that were or should have been raised before the agency/board and on appeal to the state court. The state court judgment is the focus of our attention, and the full faith and credit principle embodied in section 1738 requires that the federal court bar relitigation of claims that were or should have been litigated in state court.

In *Frazier v. East Baton Rouge Parish School Board,* 363 F.2d 861 (5th Cir.1966), for example, the plaintiff was discharged from his post in the Louisiana school system and sought and received a full administrative hearing shortly thereafter. The hearing officer ruled adversely to plaintiff's cause, and plaintiff's appeal to the state court of appeals produced the same result. Subsequent to the adverse state appellate ruling, the plaintiff filed suit in federal district court, and for the *first* time alleged that the school board fired him because he was black in violation of section 1983. The Fifth Circuit dismissed the case on the basis of res judicata, reasoning that the plaintiff should have raised his constitutional/statutory claim before the state court. Observed the court:

> [T]he decision of the state court of appeal, acting judicially, is a bar to Frazier's claim in the federal district court even though he raises his federal claim of discrimination for the first time in the federal court. In these circumstances, once Frazier submitted his challenge to state administrative action to state judicial review, the only appropriate federal forum for review of his alleged federal claim of discrimination was the United States Supreme Corut.

363 F.2d at 862; *see also Jennings v. Caddo Parish School Board,* 531 F.2d 1331 (5th Cir.1976) (per curiam).

■ In *Burney v. Polk Community College,* 728 F.2d 1374 (11th Cir.1984), the Eleventh Circuit adopted the reasoning of *Frazier, Jennings, Migra* and *Kremer.*

*Burney* is factually different from the case at bar in that there, the plaintiff raised his claim of discrimination before the school board. The hearing officer ruled adversely to plaintiff's interest, and the state appellate court affirmed the Board's decision upholding plaintiff's discharge. Plaintiff subsequently filed a Title VII and section 1983 action in federal district court, which the Eleventh Circuit dismissed on the grounds of res judicata. Admittedly, *Burney* is an easier case to analyze because plaintiff there *did* raise his constitutional argument before the first administrative forum. Still, the decision is important because it sets forth, by way of adoption of prior appellate and Supreme Court rulings, the elements necessary for a federal court to give full faith and credit to a state court decision upholding a state administrative agency's rejection of an employment discrimination claim: (1) the court of the state from which the judgment emerged would grant preclusive effect to the judgment; and (2) the state proceedings, including the administrative action and judicial review of this action, do not violate the procedural requirements of the fourteenth amendment's Due Process Clause. 728 F.2d at 1378.

■ As to the first element, *Johnson v. School Board of Palm Beach County, Florida,* 403 So.2d 520 (Fla. 1st DCA 1981), represents a case in which a state court upheld the findings of a state administrative hearing. Moreover, the Eleventh Circuit in *Burney* expressly rejected plaintiff's contention that a Florida court would not grant preclusive effect to a state appellate court's affirmance of a school board's order. 728 F.2d at 1378, 1381–82. As to the second element, the Board's proceedings have been expressly found to pass constitutional muster in *Webber v. School Board of Palm Beach County, Florida,* 444 So.2d 70 (Fla. 4th DCA 1984), the very decision which, on balance, precludes plaintiff from continuing to litigate her claim in this federal forum.

Based on the foregoing, defendants' motion for summary judgment be and the

same is hereby GRANTED, and this case stands DISMISSED.