**Wilhelmena WEBBER, Plaintiff,**

v.

**Thomas J. MILLS, as Superintendent of the School of Palm Beach County, Florida; George H. Bailey, Susan R. Pell, Hugh MacMillan, Jr., Robert Howell, Louis J. Essa, Samuel Lovell, Paula Nesmith, as individuals and as members of the School Board of Palm Beach County, Florida; and their successors in office, Defendants.**

No. 82–8483–CIV.

United States District Court,
S.D. Florida, N.D.

Nov. 13, 1984.

William Holland, Holland & Smith; Gerald W. Pletan, Wiederhold, Moses & Bulfin, West Palm Beach, Fla., for plaintiff.

Richard L. Oftedal and Abbey G. Hairston, West Palm Beach, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendants School Board of Palm Beach County, Florida, and Thomas J. Mills' motion for attorney's fees (docket #53). The court has considered the motion, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that the defendants' motion for attorney's fees be and the same is hereby DENIED.

The question presented is whether defendants, as the prevailing parties, are entitled to attorney's fees after the court dismissed plaintiff's section 1983 action based on the doctrine of *res judicata?* See 595 F.Supp. 514. The court answers in the negative.

The United States Court of Appeals for the Eleventh Circuit articulated the relevant legal standard for awarding attorney's fees in civil rights cases in *E.E.O.C. v. Pet, Incorporated, Funsten Nut Division,* 719 F.2d 383 (11th Cir.1983):

[Section 2000e–5(k) of Title 42] reads as follows:

"In any action or proceeding under this subchapter the Court in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 [98 S.Ct. 694, 54 L.Ed.2d 648] (1977), the United States Supreme Court interpreted that section to mean that a dual standard is to be applied in awarding attorney's fees to a prevailing party. One standard applies to a prevailing plaintiff and another standard applies to a prevailing defendant. *In determining whether attorney's fees should be awarded to a prevailing de-*

*fendant, the inquiry prescribed by the Supreme Court requires the Court to find whether a plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id.* [434 U.S.] at 422 [98 S.Ct. at 701].

. . . .

In order for this Court to objectively apply the foregoing standard ..., this Court feels it must view the available evidence and the applicable law in a manner most favorable to Plaintiff..... [T]his Court must view the available evidence and the applicable law as it existed at the time of the institution of the suit and as it developed as the case proceeded.

*Pet Inc.*, 719 F.2d at 385 (footnotes and citations omitted). The *Christiansburg* standard applies to cases brought under 42 U.S.C. § 1983. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). "The availability to defendants of attorney's fees awards in egregious circumstances serves 'to protect defendants from burdensome litigation having no legal or factual basis.'" *Aller v. New York Board of Elections*, 586 F.Supp. 603, 605 (S.D.N.Y.1984) (quoting *Christiansburg*, 434 U.S. at 420, 98 S.Ct. at 699).

Several decisions of the Eleventh Circuit help define when a suit is "frivolous, unreasonable, or groundless." For example, in *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984), the plaintiff alleged that his reduction in wages and eventual termination of employment was racially motivated. The affidavits of fifteen present and former employees of the defendant made clear, however, that the plaintiff knew *before* he filed his suit that his salary cutback and ultimate discharge were due solely to cutbacks in federal money that had been the only source of funding for plaintiff's position. *Id.* at 743. Plaintiff failed to rebut the statements contained in defendant's affidavits, and thus the district court granted

the employer's motion for summary judgment and attorney's fees.

The plaintiff in *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911 (11th Cir. 1982), unlike his counterpart in *Beard*, learned that his suit was groundless two weeks after its commencement, yet inexplicably refused to request a voluntary dismissal. The plaintiff in *Durrett* knowingly persisted in suing a company for discrimination even after learning that he had neither worked there nor filed a charge against it with the EEOC. The Eleventh Circuit reversed the trial court and ruled that plaintiff had to pay the defendant's attorney's fees because the action was frivolous even though plaintiff was indigent [*] and his attorney was more responsible than plaintiff for the suit.

In sum, the plaintiffs in *Beard* and *Durrett* should have either taken a voluntary dismissal or never filed the suit because there existed unrebutted evidence invalidating plaintiffs' claims. In contrast, there existed evidence in *E.E.O.C. v. Pet Inc., Funsten Nut Division*, 719 F.2d 383 (11th Cir.1983), which warranted plaintiff's suit against defendant for maintaining race-segregated facilities and departments, and engaging in a discriminatory discharge policy. Several employees and former employees swore out affidavits supporting plaintiff's claims. *See id.* at 385 n. 3, 386. The EEOC also proffered statistical evidence to buttress its claims. In summary, the suit in *Pet Inc.* was not frivolous at its inception because there existed an actual controversy.

Guided by the decisions in *Beard, Durrett,* and *Pet Inc.*, this court concludes that plaintiff's suit was not "frivolous, unreasonable, or groundless" when instituted. Plaintiff had been gainfully employed and then had her 'license' revoked, thus raising the constitutional question whether the School Board's decision denied plaintiff her due process rights. At the administrative

---

[*] The court did observe that a party's indigency, along with the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), should be weighed in deciding whether to award attorney's fees.

hearing of her case, plaintiff sought to introduce witnesses to rebut the charges against her. The only way for the plaintiff to be certain that the School Board acted properly in disciplining her was to seek the advice of the courts. If plaintiff had admitted to wrongdoing before filing her federal suit, or if she had sued the wrong parties as in *Durrett,* then this court would probably conclude that her suit was frivolous. But plaintiff sued because her livelihood has been threatened by defendants' disciplinary actions. Certainly, plaintiff was entitled to test the validity of the School Board's actions in a court of law.

It is important that a district court resist the temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

*Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700.

But the question presented by defendants' motion for attorney's fees goes beyond whether plaintiff's suit was groundless at its inception, and asks whether plaintiff's suit became frivolous once that state appellate court rejected her claims. The Eleventh Circuit has ruled that attorney's fees for an appeal may be awarded to a prevailing defendant if at the conclusion of the trial it is apparent that plaintiff's case was groundless. *Brown v. City of Palmetto,* 681 F.2d 1325, 1327 (11th Cir. 1982). The *Brown* decision certainly suggests that attorney's fees may be had by the defendant who successfully wins dismissal of plaintiff's suit based on the doctrine of *res judicata.*

The issue here is difficult because one must avoid constructing a rule whose effect is essentially to permit a prevailing defendant to obtain attorney's fees anytime he is able to have plaintiff's suit dismissed on the basis of *res judicata.* The doctrine of *res judicata* operates to bar litigation of matters that, *inter alia,* should have been raised in the prior proceeding. Dismissal of a suit on these grounds does not necessarily mean that the second suit was groundless; rather, it suggests that judicial economy and fairness compelled dismissal of the subsequent action. Indeed, the second action might have merit, but the claims raised therein should have been raised earlier, and the wrong for which vindication is sought in the later suit was essentially the same wrong which prompted the first action. Even if the merits of the second suit are somewhat tenuous, one must remember that civil rights cases require special care because a person's constitutional rights hang in the balance. As the Supreme Court observed in *Christiansburg,*

To take the further step of assessing attorney's fees against plaintiffs simply because they do not prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.

434 U.S. at 422, 98 S.Ct. at 701. Thus, there exists a tension between the doctrine of *res judicata* and the manner of awarding attorney's fees in civil rights cases.

The United States District Court for the Southern District of New York resolved this tension in the defendant's favor in *Aller v. New York Board of Elections,* 586 F.Supp. 603 (S.D.N.Y.1984). In *Aller,* the plaintiffs alleged in the federal action that certain teachers unions had "systematically worked to exclude plaintiffs and other minority candidates from holding school board positions by engaging in racially motivated challenges to the legal sufficiency of their nominating petitions, and that the Board of Elections 'had permitted plaintiffs to be excluded and their supporters disenfranchised in violation of 42 U.S.C. § 1981, 1983, and 1985....' " *Id.* at 605. Plaintiffs had filed a similar, unsuccessful suit in state court.

Apparently, shortly after commencement of the federal action, the district court held

a hearing at which it requested plaintiffs to substantiate the charges of racial discrimination contained in their complaint. The exchange, reprinted in the court's decision, *id.* at 605–06, makes clear that plaintiffs were unable to offer any factual or legal support for their claims.

The district court dismissed plaintiffs' suit based on both the "serious deficiencies" in their complaint and the doctrine of *res judicata.* Explained the court:

> Not only were plaintiffs unable to offer any legal support or factual foundation for the constitutional deprivations alleged, but counsel for plaintiffs was fully cognizant of the fact that his clients had unsuccessfully raised the claims asserted [in federal court] in prior state court proceedings. He either knew, or as a conscientious attorney should have known, that plaintiffs were altogether precluded from recycling those same claims in federal court.

*Id.* at 607 (citations omitted).

Using *Aller* as a litimus test, the court concludes that plaintiff's federal suit in the instant case was not groundless simply because it was dismissed under the doctrine of *res judicata.* First, as explained earlier, plaintiff's original suit does not appear to have been frivolous, at least when viewed as it existed at the time the action was instituted. Second, plaintiff's federal suit did raise several related constitutional questions omitted from her state suit. That these federal claims were *improperly* omitted does not mean that they were frivolous or lack merit. Plaintiff should have raised these claims in state court because they derived from the same facts and circumstances, and because they implicated many of the same rights at issue in the federal forum. It is this confluence of interests coupled with plaintiff's failure to present them in one forum that prompted this court to dismiss plaintiff's federal suit. This result, without more, is not a reason to require plaintiff to pay for defendant's attorney's fees in the federal action.