SALTER, J.
A former sergeant with the Miami-Dade Corrections and Rehabilitation Depart *478 ment (“Corrections Department”), Kevin Gaberlavage, appeals a final summary judgment dismissing his charge of gender discrimination under the Florida Civil Rights Act (“FCRA”), section 760.10, Florida Statutes (2006). We affirm.
I. Facts and Procedural History
The discrimination charge was filed in 2008 after Gaberlavage had been discharged from employment by the Corrections Department for insubordination and incompetence in the transportation of a convicted police killer.[1] Gaberlavage contested the discharge administratively under the County’s civil service rules. Evidence was taken in five days of hearings between October 2006 and January 2007, and in February 2007 the hearing examiner issued a report and recommendation upholding the discharge.
The following month, the County Manager approved the hearing examiner’s recommended order. Gaberlavage appealed that decision to the appellate division of the Miami-Dade circuit court on April 20, 2007, which affirmed in a unanimous, three-judge per curiam opinion on February 1, 2008. While that appeal was pending, however, Gaberlavage filed a charge with the Florida Commission on Human Relations and the federal Equal Employment Opportunity Commission alleging that “similarly situated employees,” namely two female sergeants in the Corrections Department, received suspensions rather than termination of employment when inmates under their control escaped. One month after the unanimous circuit court opinion affirming the termination of Ga-berlavages’s employment, he filed a circuit court complaint alleging that the two similarly situated female sergeants with the Corrections Department had received only ten-day suspensions in separate incidents in 2005 and 2006 in which inmates escaped from County detention facilities.
During the administrative case in 2006, Gaberlavage’s attorney had cross-examined a Corrections Department witness regarding one of those female sergeants and incidents. The witness explained the basis for a ten-day suspension rather than a termination of employment relating to that incident. The facts relating to that allegation of disparate treatment on grounds of gender were thus known to Gaberlavage and were raised during the administrative termination case.[2] After the adverse ruling by the hearing examiner, the approval of that decision by the County Manager, and the filing of his appeal to the circuit court, Gaberlavage filed his employment discrimination lawsuit. The Corrections Department moved for summary judgment, which was granted. This appeal followed.
II. Analysis
Our review is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). The administrative termination of employment proceeding was *479 conducted under Miami-Dade Code of Ordinances section 2-47. The hearing examiner was assigned from a list supplied by the American Arbitration Association, and such hearings are to be “conducted insofar as is practicable in accordancé with the rules of civil procedure governing the procedure in the Circuit Court,” with exceptions that are not pertinent here. Id.
Florida Rule of Civil Procedure 1.140(b)(1) specifies that “[a] party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).” Gaberlavage did not raise “disparate treatment based on gender” as a defense or affirmative defense in any motion or pleading in his administrative case, even though any such defense related to the level of discipline imposed by the Corrections Department. Although his attorney cross-examined regarding an incident of supposedly-disparate treatment, Gaberlavage did not explicitly ask the hearing examiner to determine that the discipline in his case was excessive in comparison to the discipline imposed in the case of the two female sergeants in the Corrections Department.
A later determination by a different factfinder that the sanction of termination was unduly harsh, constituting unlawful discrimination on the basis of gender, would be squarely inconsistent with the rulings by the first factfinder and the appellate division of the circuit court. That is why the doctrine of res judicata “bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001).
As the general magistrate concluded upon consideration of the Corrections Department’s motion for summary judgment in the FCRA case, Webber v. Mills, 595 F.Supp. 514, 515 (S.D.Fla.1984), is persuasive:
The prior judgment is conclusive not only with respect to every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented. This application of the doctrine of res judicata operates to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits.
Similarly, in Abner v. Illinois Department of Transportation, 674 F.3d 716 (7th Cir.2012), a former state employee who had been terminated for disruptive conduct disputed the discharge in administrative proceedings. Upon a finding of just cause for the termination of employment, and following review by a. state court, the employee filed a racial discrimination claim. The United States District Court for the Northern District of Illinois dismissed the later-filed claim based on res judicata, and the United States Court of Appeals, Seventh Circuit, affirmed the dismissal. The central issue in both cases was whether the state employer had just cause to discharge the employee.
In the case before us, Gaberlavage and his counsel apparently decided not to raise the state FCRA discrimination claim until after the adverse administrative result was reached and under judicial review. Gaberlavage’s FCRA complaint in the circuit court was filed after the circuit court appellate division had affirmed the adverse employment action. The trial court properly rejected the employee’s attempt to re- *480 litigate the propriety of the discharge and sanction for Gaberlavage’s misconduct.
Affirmed.

. The high-security inmate was being transported to a medical facility. The inmate did not escape, but the administrative hearing examiner found that the inmate grabbed Ga-berlavage’s service firearm and, but for the intervention of another officer, might well have killed both of them. The hearing examiner also found that Gaberlavage retreated and stood by while the other officer fought for control of the gun and subdued the inmate over the course of several minutes.

. Under the cases discussed below, it is not necessary that the claims or defenses actually have been raised; the dispositive questions are (1) whether the claims or defenses could have been raised, and (2) whether they are intertwined with the challenge to the discharge and punishment.