624 F.2d 35
 29 Fair Empl.Prac.Cas. 1718,
30 Empl. Prac. Dec. P 33,129
Perry HICKEY, Plaintiff-Appellant,
James L. Poteet and Wilbur L. Brizius, Plaintiffs,
v.
ARKLA INDUSTRIES, INC. and Arkansas Louisiana Gas Co.,
Defendants-Appellees.
 No. 78-1879.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 14, 1980.
 
 Stuart Nelkin, Margaret J. Livingston, Houston, Tex., for plaintiff-appellant.
 Butler, Binion, Rice, Cook & Knapp, Tom M. Davis, Jr., Houston, Tex., for defendants-appellees.
 ON SECOND PETITION FOR REHEARING
 (Opinion April 8, 1980, 5 Cir., 1980, 615 F.2d 239)
 Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This Court has heretofore granted appellant's motion for the award of attorney's fees, and remanded the case to the trial court for the purpose of determining a proper amount for such fees. The appellee now moves for a rehearing of this supplemental order by the Court.
 
 
 2
 Appellant places his claim for attorney's fees at this stage of the litigation upon those cases which, as recognized by Arkla, hold that when an appeal is successfully brought by an employee whose Title VII suit for a discriminatory employment practice had been improperly dismissed by the trial court, such appellant may be awarded attorney's fees under the provisions of Title VII. There is no doubt but that was the law of this Circuit, Cooper v. Allen, 493 F.2d 765 (5th Cir. 1974). In Brown v. Culpepper, 559 F.2d 274, 278 (5th Cir. 1977), we equated the provisions of Title VII as to attorney's fees with 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976. The appellant asks us to equate the provisions of 29 U.S.C. § 626(b), the attorney's fee provision of the Fair Labor Standards Act which controls the award of attorney's fees in an action for age discrimination, with either Title VII or Section 1988.
 
 
 3
 While a good case can be made for equating these provisions of the several acts, we conclude that by doing so, we are now prohibited by a recent Supreme Court case, not yet called to our attention by either party here, Hanrahan v. Hampton, --- U.S. ----, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) from allowing an interim attorney's fee in this case.
 
 
 4
 42 U.S.C. § 1988, the Attorney's Fees Awards Act of 1976, was before the Court for a determination of the question whether plaintiff could be a "prevailing party" when such party prevailed in the Court of Appeals to the extent of obtaining a reversal of a dismissal of his case by the trial court. The Court answered this in the negative, saying:
 
 
 5
 It seems apparent from these passages (passages in the House and Senate Reports) that Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney. (Footnote omitted.)
 
 
 6
 We can see no logic in an argument that the provision for attorney's fees in the Wage and Hour law reflects any Congressional purpose other than that which the Court has now found compels its construction of Section 1988 in a manner that prohibits an award of interim attorney's fees to a person who has prevailed only to the extent of having an appellate court reinstate a suit improperly dismissed below.
 
 
 7
 The motion is GRANTED and the motion of the appellant for the award of interim attorney's fees is DENIED.