**Darrell BROWN, Plaintiff-Appellee,**

v.

**The CITY OF PALMETTO, GEORGIA, et al., Defendants-Appellants.**

No. 81–7759.

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1982.

Glaze & McNally, Kirby A. Glaze, Steven M. Fincher, Jonesboro, Ga., for defendants-appellants.

Watson, Brown, Foster & Murphy, John L. Watson, Jr., Jonesboro, Ga., for plaintiff-appellee.

Before VANCE, JOHNSON and HENDERSON, Circuit Judges.

VANCE, Circuit Judge:

In April 1978 Darrell Brown filed suit under 42 U.S.C. § 1983 against the City of Palmetto, Georgia, Allstate Insurance Company, and a number of individual defendants, seeking to recover for the demolition of a fire damaged building. Brown alleged that defendants conspired to remove the building to lessen the insurance company's liability and to benefit the city, in violation of his due process and equal protection rights. Because Brown offered no evidence at trial to prove a conspiracy existed the district court granted a directed verdict for defendants. Brown appealed, and in March 1981 the fifth circuit summarily affirmed. Over four months later defendants filed a motion for an award of attorney's fees. The district court denied the motion, and defendants appeal pursuant to 28 U.S.C. § 1291.

The district court denied defendants' motion for attorney's fees on the grounds that the motion was filed too late and that it was not clear until the directed verdict was entered against Brown that his case was frivolous. On appeal defendants argue that the case was frivolous from the outset and that the district court's holding was erroneous because there is no jurisdictional time limit for the filing of a motion under 42 U.S.C. § 1988.

 Contrary to general rule, 42 U.S.C. § 1988 allows attorney's fees in 1983 actions to be treated as part of the costs of litigation. Rule 54(d) of the Federal Rules of Civil Procedure, which provides for the awarding of costs, does not limit the period of time in which a motion for costs may be made. Consequently, there is no jurisdictional time limit on the filing of a motion for attorney's fees under section 1988. *Knighton v. Watkins*, 616 F.2d 795, 798 (5th Cir. 1980).[1] Brown contends, however, that defendants' delay of four months before filing their motion for attorney's fees violated a local court rule requiring bills of cost to be filed within thirty days after the time judgment is entered.[2] District courts may adopt local rules establishing timeli-

---

1. The eleventh circuit is bound by the decisions of the former fifth circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2. Local Court Rule 351.1 for the Northern District of Georgia provides:

 *Time Limit.* A bill of cost must be filed by the prevailing party within 30 days after the

ness standards for the filing of claims for attorney's fees. *White v. New Hampshire Department of Employment Security,* —— U.S. ——, ——, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982). Such local rules may provide that such claims must be included in and filed within the time allowed for motions for other costs. *Id.* at 1168 n.17. There are, however, significant distinctions between attorney's fees and other costs. *Knighton v. Watkins,* 616 F.2d at 798 n.2. Inclusion of a claim for attorney's fees within the time constraints applicable to requests for other costs should be by explicit provision of the local rules. Absent violation of a local rule a claim for attorney's fees would be untimely only on a showing of unfair surprise or prejudice. *White v. New Hampshire Department of Employment Security,* —— U.S. at ——, 102 S.Ct. at 1168. There is nothing in the local rule under consideration to indicate that it was intended to include claims for attorney's fees under 42 U.S.C. § 1988. Additionally, Brown failed to make any showing of unfair prejudice or surprise. Consequently, we find that defendants' motion for an award of attorney's fees was timely filed.

 The award of attorney's fees to a prevailing defendant is within the discretion of the district court if the plaintiff's action is frivolous, unreasonable or without foundation, even though not brought in subjective bad faith. *See Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 419, 421, 98 S.Ct. 694, 699, 700, 54 L.Ed.2d 648 (1978); *Church of Scientology v. Cazares,* 638 F.2d 1272, 1290 (5th Cir. 1981). The district court held that Brown's case was "weak from the beginning" but that it was not apparent until the close of the evidence that the case was frivolous. Although we are puzzled by the suggestion that a case that was clearly frivolous at the close of the evidence could have been anything else at the beginning, we conclude that defendants have failed to show that it was an abuse of discretion to deny attorney's fees for han-

dling the case at the district court level. The district court also found, however, that Brown continued to litigate after it became clear that his case was frivolous. We therefore hold that the denial of attorney's fees with respect to the appeal was an abuse of discretion and remand for computation of fees incurred after the district court directed a verdict for defendants.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

entry of judgment or such cost will not be allowed to be taxed as part of the judgment.