**Marjorie O'DONNELL,
Plaintiff-Appellee,**

v.

**GEORGIA OSTEOPATHIC HOSPITAL,
INC., d/b/a Doctors Hospital,
Defendant-Appellant.**

**No. 83-8575.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 19, 1984.

---

Martha C. Perrin, Atlanta, Ga., for defendant-appellant.

B. Lee Crawford, Jr., Atlanta, Ga., for plaintiff-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

Marjorie O'Donnell filed this suit pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 623, 626(c) (West 1975 & Supp.1984). She alleged that her employer, Georgia Osteopathic Hospital, d/b/a Doctor's Hospital (the Hospital), demoted her and later denied her a promotion because of her age [1] and constructively discharged her when she complained to the Equal Employment Opportunity Commission.[2] The trial jury rendered a special verdict that the Hospital had either discriminated against O'Donnell because of her age or retaliated against her because she filed a complaint with the EEOC, that O'Donnell had attempted to mitigate her damages, and that the Hospital willfully violated the ADEA.[3] The Hospital moved alternatively for judgment *non obstante veredicto* or for a new trial. The district court denied both motions.

The district court, 574 F.Supp. 214, determined O'Donnell's damages, consisting of backpay, frontpay, liquidated damages and prejudgment interest, to be $74,466.35. The clerk entered judgment for this amount on July 5, 1983. O'Donnell served her motion for attorney's fees on the Hospital on July 14, 1983, and filed it on July 25. On August 18, O'Donnell filed an itemized petition for determination of reasonable attorney's fees. The Hospital resisted this motion as untimely. The court never-

theless awarded to O'Donnell attorney's fees of $29,471.00.

The Hospital posits three errors of the district court on this appeal: the denial of the Hospital's motion for JNOV or new trial, the inclusion of frontpay and prejudgment interest in the computation of damages, and the award of attorney's fees to O'Donnell. O'Donnell requests appellate attorney's fees.

## I. DENIAL OF THE MOTIONS FOR JNOV AND NEW TRIAL

### A. Facts

The Hospital hired Ms. O'Donnell as a clerk-librarian in March 1972, at which time she was fifty years old. In 1974, the Hospital promoted her to secretary to the medical director. She still held this position in July 1980 when Dr. Stuart Harkness became director of medical affairs. On Dr. Harkness' first day at the hospital, Ms. O'Donnell informed him that she was scheduled to leave for vacation in three weeks. Dr. Harkness assigned her some typing which she completed before she left but which Dr. Harkness insisted at trial was replete with errors. Upon her return from her vacation, Ms. O'Donnell discovered that Dr. Harkness had hired Neysa Sharpless, a woman of thirty-four years, to be his secretary. Ms. O'Donnell's supervisors moved her to a new location where she now worked only for the volunteer services coordinator, the hospital chaplain, and the hospital social worker. From the evidence elicited at trial, the jury could reasonably have found that the work for these three persons occupied only a few hours of Ms. O'Donnell's workday. Ms. O'Donnell considered this move a demotion.

Ms. O'Donnell applied for a job as secretary to the hospital administrator, Rhea

---

**1.** "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual [between the ages of 40 and 70 years] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C.A. §§ 623(a)(1), 631(a) (West 1975 & Supp.1984).

**2.** "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment ... because such [employee or applicant] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." *Id.* § 623(d).

**3.** Liquidated damages are payable only in cases of willful violations of the ADEA. *Id.* § 626(b).

Keene, in October 1980. Mr. Keene did not interview her but hired Debbie Wunderle, a 29-year old woman. Ms. O'Donnell then filed an age discrimination complaint with the EEOC and later testified that her employment situation deteriorated further after she filed the complaint. She resigned in January 1981, but she labels this resignation a constructive discharge.

## B. Evidentiary Issue

In reviewing the propriety of the denial of a motion for JNOV, we must consider all of the evidence "in the light and with all reasonable inferences most favorable" to Ms. O'Donnell. *Boeing Company v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc); *see Bonner v. City of Prichard, Alabama,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981, are binding precedent in the eleventh circuit until overruled en banc). We must therefore first decide the admissibility of certain testimony that the Hospital claims the district court erroneously admitted.

Ms. Neysa Sharpless testified that Dr. Harkness told her of statements made by Mr. Jack Sartain, the executive director of the Hospital.[4] For example, after O'Donnell complained to the EEOC, Mr. Sartain told Dr. Harkness that "he would handle the Marge O'Donnell situation" but that he "was going to need Dr. Harkness' assistance and support around the charges being filed." Dr. Harkness further informed Ms. Sharpless that "Mr. Sartain had blown the situation in the way he had handled Marge O'Donnell, and that he [Mr. Sartain] would personally take care of getting rid of her." Ms. Sharpless also testified as follows:

Dr. Harkness told me that I fit his needs as a secretary perfectly. I was young, I was attractive, I was personable, I had good communications skills, and he thought that I would be of great benefit to him in working interpersonally with the physicians on the staff, and that was very important to him. How I looked, how I behaved, and that I was a true reflection of medical affairs and all the work that he was doing there. So it was very important that I behave and I look a certain way.

The Hospital contends that the introduction of this testimony was error that requires remand for a new trial. To prevail on this issue, the Hospital must show (1) that the district court abused its discretion in erroneously admitting the testimony and (2) that the admission of the evidence affected the Hospital's substantial rights. *See Perry v. State Farm Fire & Casualty Co.,* 734 F.2d 1441, 1446 (11th Cir.1984); *Dietz v. Consolidated Oil & Gas, Inc.,* 643 F.2d 1088, 1093 (5th Cir.) *cert. denied,* 454 U.S. 968, 102 S.Ct. 513, 70 L.Ed.2d 386 (1981); *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1348–49 (5th Cir.1978); Fed.R.Evid. 103(a). The testimony clearly may have influenced the jury's verdict. O'Donnell's counsel relied heavily upon it in his final argument to the jury. The district court also relied upon it to deny the Hospital's motion for new trial or JNOV. Thus, the admission of the testimony did affect the Hospital's substantial rights; if admission of the evidence was error, it was not harmless error. We must therefore determine if the district court abused its discretion in admitting the testimony. The Hospital argues that the testimony was irrelevant,[5] inadmissible hearsay[6] that

---

4. Ms. Sharpless also related a conversation she had with administrator Rhea Keene. In October or November of 1980, after Ms. O'Donnell had been transferred, Keene told Ms. Sharpless that Ms. O'Donnell had applied for the vacant position of secretary to Mr. Keene. When Ms. Sharpless asked him if he would hire her, he simply laughed.

5. All relevant evidence is admissible. Fed.R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* 401. The testimony of Ms. Sharpless certainly satisfied this requirement. The Hospital urges us to consider *Haskell v. Kaman Corp.,* 743 F.2d 113 (2d Cir.1984). In that ADEA case, the Second Circuit Court of Appeals affirmed the district court's denial of the defendant-employer's motion for JNOV. *Id.* at 120. The court nevertheless reversed and remanded because of the cumulative effect of the district court's erroneous

should have been excluded also for O'Donnell's failure to supplement her discovery answers as required by Rule 26(e)(2) of the Federal Rules of Civil Procedure.[7]

■ Rule 26(e)(2) provides in pertinent part as follows:

A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except [that] [a] party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which ... he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

Thus a party must amend a discovery answer if (1) she learns that her original answer is no longer true and (2) a failure to amend amounts to a knowing concealment.

The Hospital insists that these requirements are satisfied here because O'Donnell stated in her pretrial deposition that no one employed by the Hospital had said, intimated, indicated, acknowledged or otherwise asserted that she had been discriminated against because of her age. Because O'Donnell failed to amend this deposition answer, the Hospital continues that it was prejudicially surprised by the testimony of Ms. Sharpless. Ms. O'Donnell counters that the testimony came to her attention during the trial, the Hospital requested neither a continuance to examine the witness nor a mistrial, the Hospital did not cross-examine Ms. Sharpless, and the Hospital produced the testimony of Dr. Harkness to rebut Ms. Sharpless' statements.

■ The Hospital's argument neither satisfies the requirements of Rule 26 nor shows that the Hospital was impermissibly prejudiced by the disputed testimony. Ms. O'Donnell testified at her deposition that no hospital employee had told her that she

---

evidentiary rulings. *Id.* at 122. One such ruling was that by which the district court admitted testimony of the following statements made by Kaman, the founder of the defendant company, during the course of Haskell's employment: (1) Kaman's reference in the early 1960's to two Kaman employees as "old ladies with balls"; (2) Kaman's concurrence in the early 1970's with a Reader's Digest article to the effect that there is a relationship between aging and tiny strokes; and (3) Kaman's reference in 1974 to 1975 to some younger employees in the company as "young turks." *Id.* at 120–22. The Second Circuit Court of Appeals held the admission of this testimony to be error because none of the statements were relevant to the issue of whether Kaman Corporation discriminated against Haskell because of his age. *Id.* The Hospital likewise urges that the statements of Harkness and Sartain as conveyed by Ms. Sharpless are irrelevant to the issue of discrimination *vel non.* In *Haskell,* however, the disputed statements were made over a period of years, and none of them referred to Haskell or his position with the company. Here, all of the statements conveyed by the testimony of Ms. Sharpless occurred contemporaneously with the allegedly discriminatory acts and concerned Ms. O'Donnell, the Hospital's action toward her, or the qualifications deemed important for the positions she was denied. *Haskell* is therefore inapposite.

6. The district court admitted the testimony of Ms. Sharpless as consisting of admissions by a party-opponent. *See Fed.R.Evid.* 801(d). The Hospital objects to this characterization of the

testimony because "the inferences which the plaintiff hoped the jury would draw from the statements could not have been drawn until a point after which they were made, i.e., at the time the plaintiff resigned. Moreover, the statements attributed to Sartain are double hearsay and therefore inadmissible." Appellant's Brief at 31, n. 5. The Hospital has confused an admission by a party-opponent with a statement against interest. An admission must only be contrary to the trial position of the party against whom it is offered. A statement against interest, however, must be *"at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true."* *Id.* 804(b)(3) (emphasis added). The district court properly admitted the testimony as admissions by a party opponent. The objection of double hearsay also fails because both parts of the combined statement are admissions. *See id.* 805.

7. The Hospital did not raise the Rule 26 argument in its motion for JNOV or new trial. The district court, however, could have raised the issue *sua sponte.* Fed.R.Civ.P. 59(d). The granting of a new trial on this ground was therefore within his discretion. We will consider it.

was discriminated against because of her age. She did not testify that no hospital employee had intimated such information to anyone else. The testimony of Ms. Sharpless therefore did not render Ms. O'Donnell's deposition testimony false and thereby require its amendment. Further, Ms. O'Donnell's counsel told the district court that this testimony of Ms. Sharpless came to his attention the night before it was offered. The district court accepted this explanation, and we find no reason to disagree with him. Finally, Ms. O'Donnell did include Ms. Sharpless in her pretrial witness list. The Hospital objects, however, that Sharpless was listed only as a "may call" witness and that her address was given only as St. Louis, Missouri. Thus, the Hospital contends that the costs of discovering her possible testimony were prohibitive.

The Fifth Circuit Court of Appeals recently summarized the law pertinent to Rule 26(e)(2) as follows:

The standard under Rule 26(e)(2) is whether the party was "prejudicially surprised." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir.1978). The rule seeks to prevent "trial by ambush." *Dilmore v. Stubbs*, 636 F.2d 966, 969 n. 2 (5th Cir.1981). A reversal under this rule is only justified when a party seeks to introduce a completely new issue or an unidentified witness. *F & S Offshore, Inc. v. K.O. Steel Castings, Inc.*, 662 F.2d 1104 (5th Cir.1981).

*Halphen v. Johns-Manville Sales Corp.*, 737 F.2d 462, 467 (5th Cir.1984). Here, Ms. O'Donnell included Ms. Sharpless in the pretrial witness list, so Ms. Sharpless was not an "unidentified witness." The Sharpless testimony did not inject a new issue into the trial. Ms. Sharpless gave her testimony on a Friday, and the district court allowed the Hospital to offer the rebuttal testimony of Dr. Harkness on the following Monday morning before the case went to the jury. The Hospital therefore had sufficient time to overcome any possible surprise. "Moreover, the remedy for coping with surprise is not to seek reversal after an unfavorable verdict, but a request for continuance at the time the surprise occurs.

No such request was made here, undoubtedly because a continuance was not needed." *Szeliga v. General Motors Corp.*, 728 F.2d 566, 568 (1st Cir.1984). We therefore hold that the introduction of the Sharpless testimony was not unfairly prejudicial to the Hospital. The district court did not abuse his discretion in admitting it. We may therefore consider this evidence to determine if the district court properly denied the Hospital's motion for JNOV or new trial.

### C. Sufficiency of the Evidence

■ The district court submitted the case to the jury by general verdict accompanied by written interrogatories. *See* Fed.R.Civ.P. 49(b). The first interrogatory asked, "Did the defendant either discriminate against the plaintiff because of her age or retaliate against the plaintiff because she filed a charge of age discrimination?" A finding of liability under either prong of this interrogatory would authorize a finding of liability against the Hospital. 29 U.S.C.A. § 623(a), (d) (West 1975). We may therefore affirm the jury verdict with a decision that the evidence under either prong is sufficient to overcome the Hospital's motion. *See ADP-Financial Computer Services, Inc. v. First National Bank of Cobb County*, 703 F.2d 1261, 1266–67 (11th Cir.1983). We affirm on the age discrimination claim.

The ultimate factual issue in this case is whether age was a determinative factor in the Hospital's treatment of Ms. O'Donnell. *See Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221, 1224 (11th Cir.1982). If there is "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" upon the resolution of this issue, then we must affirm the district court's denial of the Hospital's motion for JNOV. *Boeing Company*, 411 F.2d at 374. On our review of the district court's denial of the motion for new trial, "we are reviewing whether the district judge has abused his judicial discretion in denying a new trial or whether as a matter of law the denial of a new trial was

erroneous because there was 'an absolute absence of evidence to support the jury's verdict.'" *Collins ex rel. Kay v. Seaboard Coast-Line R.R.*, 675 F.2d 1185, 1197 (11th Cir.1982) (quoting *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 769 (5th Cir. 1973) (quoting *Indamar Corp. v. Crandon*, 217 F.2d 391, 393 (5th Cir.1954))).

The Hospital concedes that Ms. O'Donnell was at least minimally qualified for the positions she was denied. It continues, however, that the decisions made with respect to Ms. O'Donnell were reasonable business decisions in that the persons hired instead of her were *more* qualified than was she. It reasons that the only issue is whether Ms. O'Donnell's work satisfied the legitimate expectations of Dr. Harkness and Mr. Keene. *See Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). This argument is irrelevant at this point in the case. The jury found that age was one of the determining factors in the Hospital's treatment of Ms. O'Donnell. That conclusion means that age was a pivotal consideration in the Hospital's decisions—not necessarily the only one. "An ADEA plaintiff is not required to show that age was the sole motivating factor in the employment decision.... Thus a plaintiff need not prove that the reasons offered by the defendant are false if he proves that age was also a reason, and that age was the factor that made a difference." *EEOC v. Prudential Federal Savings and Loan Association*, 741 F.2d 1225, 1230 (10th Cir.1984).

Ms. O'Donnell's proof at trial consisted primarily of the extremely favorable performance evaluations she received throughout her tenure at the Hospital, other evidence of competence and experience, and the testimony of Neysa Sharpless. "Although this evidence was not undisputed, it obviously was accepted by the jury and clearly is sufficient to allow a reasonable factfinder to decide that age was a determinative factor" in the Hospital's treatment of Ms. O'Donnell. *Id.* at 1230.[8]

## II. THE REMEDY

The parties agreed that the court would determine Ms. O'Donnell's remedy. The court awarded Ms. O'Donnell $18,991.70 in backpay, $18,991.70 as liquidated damages, $35,343.45 as frontpay and $1,139.59 as prejudgment interest. The Hospital argues that little if any of this recovery is proper.

### A. Backpay and Frontpay

The Hospital argues that the period for which backpay may be recovered in this case was shortened by its unconditional offer of reinstatement to Ms. O'Donnell. The district court dismissed this argument because he was unconvinced that an offer of reinstatement had been made and because animosity between the parties rendered reinstatement unrealistic. The Hospital also contends that frontpay is not available under the ADEA and that, even if such relief is available, Ms. O'Donnell's failure to request reinstatement precludes its recovery. Logic mandates, of course, that an unreasonably refused offer of reinstatement will preclude recovery of both frontpay and backpay.

"In determining whether the right to relief extends beyond the date of an offer of reinstatement, the trial court must consider the circumstances under which the offer

---

**8.** In support of a contrary position, the Hospital urges *Grubb v. W.A. Foote Memorial Hospital*, 741 F.2d 1486 (6th Cir.1984), a case involving an ADEA cause of action. The district court, after a bench trial, granted relief to the plaintiff Grubb on his racial discrimination claim but held that he had failed to prove his age discrimination claim. The circuit court reversed the race discrimination award because not supported by substantial evidence. *Id.* at 1492. The court affirmed the district court on the age discrimination claim. That case is inapplicable here primarily because it involved a bench trial; we examine a jury verdict. The *Grubb* court independently weighed the evidence and determined that the clear weight of the evidence mandated a finding of no liability. *See id.* at 1497. In a jury trial, however, the jury is to weigh conflicting evidence and inferences and determine the credibility of witnesses. *Boeing Company*, 411 F.2d at 375. Our only job is to insure that there exists sufficient evidence that the jury could legitimately accept as credible to support their verdict.

was made or rejected, including the terms of the offer and the reasons for refusal." *Claiborne v. Illinois Central R.R.*, 583 F.2d 143, 153 (5th Cir.1978), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979); *see Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 282 (8th Cir. 1983) (*Claiborne* applied to ADEA case). "Generally, it is the duty of the trier of fact to weigh the evidence to determine whether a reasonable person would refuse the offer of reinstatement." *Fiedler v. Indianhead Truck Line*, 670 F.2d 806, 808 (8th Cir.1982), *quoted in Dickerson*, 703 F.2d at 282.

■ An offer of reinstatement and the plaintiff's acceptance or denial of it are relevant to the plaintiff's mitigation of her damages. *See Claiborne*, 583 F.2d at 153. Ms. O'Donnell testified that she would not consider returning to work at the Hospital, even in a department other than that from which she resigned. Mr. Sartain nevertheless testified that he would rehire her. By special interrogatory, the jury determined that Ms. O'Donnell made a reasonable effort to find other suitable employment after leaving the defendant Hospital. The district court held that sufficient evidence supported this verdict.

We do not dispute these decisions as far as they go. Careful scrutiny of the record, however, shows that the issue of reinstatement was not submitted to the jury. Ms. O'Donnell's counsel requested that the court submit to the jury an interrogatory to determine if reinstatement was feasible under the circumstances. Counsel for the Hospital objected, stating that the issue of reinstatement was properly for the court on the determination of damages. The district court apparently agreed with the Hospital, for he did not add the interrogatory as requested by Ms. O'Donnell. We there-

fore examine the district court's decision on this issue.

The court first noted that he was unconvinced that the Hospital had truly made an offer of reinstatement. To the extent that this statement is a holding that no offer was made, it is clearly erroneous. The unrefuted affidavit of Mr. Sartain, which was before the district court on the determination of damages, states that the Hospital has made repeated offers of reinstatement. The court failed to evaluate the offer and Ms. O'Donnell's refusal according to the factors described in *Claiborne*.[9] We therefore reverse the district court's awards of backpay and frontpay and remand for reconsideration in the light of *Claiborne*. This holding also requires that we vacate the award of liquidated damages. *See* 29 U.S.C.A. §§ 216(b), 626(b).

■ We also hold that if the district court finds that Ms. O'Donnell has reasonably refused reinstatement, frontpay is an available remedy under the ADEA. Such is the weight of circuit opinion. *See Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 923 (6th Cir.1984); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 727 (2d Cir.1984); *EEOC v. Prudential Federal Savings and Loan Association*, 741 F.2d 1225, 1231–33 (10th Cir.1984); *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982); *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1319 (9th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982). *But see Kolb v. Goldring, Inc.*, 694 F.2d 869, 874 n. 4 (1st Cir.1982). The language of the ADEA's remedial provisions is clearly broad enough to encompass such a remedy, *see* 29 U.S.C.A. § 626(b), and frontpay may sometimes be appropriate to effectuate the purposes of the ADEA.[10] We need not now decide if

9. For example, Mr. Sartain stated in his affidavit that "[t]he offer of reinstatement to a department other than administration if Ms. O'Donnell so desires, at a pay rate equivalent to what she would have been making had she not resigned remains outstanding and has been so since January 30, 1981." Ms. O'Donnell testified that she would refuse any position at the Hospital, even one out of administration. The district court on

remand must determine if such a refusal is reasonable under the circumstances.

10. The purposes of the ADEA are "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C.A. § 621(b) (West 1975).

reinstatement is nevertheless the preferred remedy. *See Whittlesey*, 742 F.2d at 728; *Prudential Federal*, 741 F.2d at 1232. The posture of this case mandates that frontpay may be awarded only after reinstatement is dismissed as a realistic alternative.

*B.  Prejudgment Interest*

██ Noting that the award of prejudgment interest is within the discretion of the district court under the ADEA, *see Syvock v. Milwaukee Boiler Manufacturing Co.*, 665 F.2d 149, 162 (7th Cir.1981), the district court found such an award warranted in this case "in view of the strong evidence of discrimination, the jury's findings of willfulness, and its finding that plaintiff had reasonably attempted to mitigate her damages." The district court exceeded his discretion in awarding both liquidated damages and prejudgment interest.

The remedial statute of the ADEA, 29 U.S.C.A. § 626(b), incorporates the liquidated damages provision of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 216(b). The recovery of liquidated damages under section 216 represents compensation for delay in payment of amounts owing under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1944). Amounts owing under the ADEA are deemed to be amounts owing under the FLSA. 29 U.S.C.A. § 626(b). Thus, liquidated damages compensate a successful ADEA plaintiff for delay in payment. The recovery of additional prejudgment interest represents a double recovery. *Brooklyn Savings*, 324 U.S. at 715, 65 S.Ct. at 906; *see Gibson*, 695 F.2d at 1103; *Kolb*, 694 F.2d at 875.

We do not hold that prejudgment interest may never be recovered under the ADEA. *See Gibson*, 695 F.2d at 1102 & n. 9. It simply may not be awarded with liquidated damages in a way that constitutes a double recovery.

### III.  ATTORNEY'S FEES

██ The attorney's fee provision of the FLSA, 29 U.S.C.A. § 216(b), controls the award of attorney's fees in actions under the ADEA. 29 U.S.C.A. § 626(b); *see Hickey v. Arkla Industries, Inc.*, 624 F.2d 35, 36 (5th Cir.1980).

*A.  Timeliness of Ms. O'Donnell's Application For Attorney's Fees*

The clerk of the district court entered judgment against the Hospital on July 5, 1983. The judgment did not award attorney's fees. On July 25, Ms. O'Donnell filed a request for attorney's fees. She filed an itemization of fees forty-four days after the entry of judgment. The district court granted the request by his order of September 23, 1983. The Hospital insists that Ms. O'Donnell's application for attorney's fees was untimely and should have been denied. The parties agree that the disposition of this contention hinges upon the applicability and construction of Local Rule 420 of the United States District Court for the Northern District of Georgia:

> Any party seeking an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, must file a motion accompanied by briefs and appropriate affidavits seeking such recovery within fifteen (15) days of the entry of the final judgment as to the party seeking such award.
>
> Failure to comply with the provisions of this rule will be construed as a waiver and abandonment of any claims to recover attorney's fees pursuant to 42 U.S.C. § 1988.

██ The district court held that this provision did not apply to an application for attorney's fees under the ADEA. We decline the invitation to dispute that court's construction of its own rule. In the absence of a controlling local rule, only unfair surprise or prejudice may render untimely a postjudgment motion for attorney's fees. *Brown v. City of Palmetto, Georgia*, 681 F.2d 1325, 1327 (11th Cir.1982). The Hospital has failed to make a showing of unfair surprise or prejudice. We therefore affirm the district court's award of attorney's fees. The district court may on remand, however, modify the amount awarded.

## B. Appellate Attorney's Fees

Ms. O'Donnell has moved that she be awarded attorney's fees for this appeal. Appellate attorney's fees may be awarded pursuant to the remedial provisions of the FLSA that Congress incorporated into the ADEA when the appellate court considers such an award appropriate. *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1150 (5th Cir.1970). We may make our own assessment of the amount of such fees to be awarded. *Id.* We choose, however, to instruct the district court on remand to assess the amount of attorney's fees to be awarded Ms. O'Donnell for this appeal. *See id.* at 1151.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.