**Ann FORGIONE, Plaintiff,**

v.

**AC & R ADVERTISING, INC., Defendant.**

**No. 91 Civ. 1917 (LBS).**

United States District Court, S.D. New York.

Jan. 27, 1993.

So ordered.

Richard W. Meirowitz, New York City, for plaintiff.

Gerald S. Hartman, Anderson Kill Olick & Oshinsky, P.C., New York City, for defendant.

### ORDER

SAND, District Judge.

Adopted and approved, no objections having been filed.

So ordered.

### REPORT AND RECOMMENDATION

KATZ, United States Magistrate Judge.

This case was brought under the Age Discrimination in Employment Act (ADEA). Three related cases have also been brought under ADEA alleging age discrimination by this defendant: *Miano v. AC & R Advertising, Inc.*, 91 Civ. 1280 (LBS); *Widener v. AC & R Advertising, Inc.*, 91 Civ. 1676 (LBS); *Weinstein v. AC & R Advertising, Inc.*, 91 Civ. 3906 (LBS). The four cases have been consolidated for purposes of discovery. All of the plaintiffs are represented by the same counsel, Mr. Richard Meirowitz.

On November 19, 1992, a judgment for Ms. Forgione was entered in the amount of $123,150.00, plus an additional amount to be determined by the Court for costs, including reasonable attorney's fees. At issue here, is when Ms. Forgione should file her application for attorney's fees—now, or at the conclusion of the three related cases. The request for a Report and Recommendation on this issue was referred to me by the Hon. Leonard B. Sand, United States District Judge. Oral argument was heard on the issue on December 16, 1992. For the reasons discussed below, I recommend that Ms. Forgione's application for attorney's fees be addressed at the conclusion of the related cases as part of a consolidated fee application on behalf of all prevailing plaintiffs in these actions.

### DISCUSSION

The Judgment in this action was entered on November 19, 1992, after Ms. Forgione

accepted an offer of judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer of judgment was for the sum of $123,150.00 in damages, "plus an additional amount as determined by the Court for costs accrued to date by the plaintiff, such cost to include reasonable attorney's fees." The Judgment did not address the timing of Ms. Forgione's application for costs and fees.

■ Defendant argues that under Civil Rule 11 of the Rules for the Southern District of New York, Ms. Forgione is required to file her application for costs, including attorney's fees, within thirty days of the entry of judgment. I disagree. The costs governed by Rule 11 are generally routine expenditures such as filing fees, transcript costs, marshal fees, and the like. *See* 28 U.S.C. § 1920.[1] The rule makes no mention of attorney's fees. Rule 11 costs are assessed by the Clerk of the court and are rarely the subject of dispute or appeal. Costs are generally awarded as a matter of course to the prevailing party and do not require statutory authorization. *See* Rule 54(d), Fed.R.Civ.P.

Attorney's fees, on the other hand, are only awarded where statutorily authorized. In this action, Ms. Forgione's right to fees is derived from ADEA, under which her case was brought. *See* 29 U.S.C. § 626(b). Fee applications require detailed documentation and careful scrutiny by the court. They are often the subject of dispute and judicial hearings. While district courts are free to promulgate local rules establishing time limits for fee requests, *see White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1980), local rules which establish procedures for the routine taxing of costs by the clerk of the court, and which do not specifically address attorney's fees, are not applicable to requests for attorney's fees. *See Metcalf v. Borba*, 681 F.2d 1183 (9th Cir.1982); *Fulps v. City of Springfield*, 715 F.2d 1088 (6th Cir.1983); *Brown v. City of Palmetto*, 681 F.2d 1325 (11th Cir.1982); *see also O'Donnell v. Georgia Osteopathic Hos-*

*pital, Inc.*, 748 F.2d 1543, 1552 (11th Cir. 1984) (local rule establishing specific time limit for filing motion for attorney's fees under 42 U.S.C. § 1988 would not be construed as limiting the time for application for fees under ADEA). Accordingly, I conclude that Ms. Forgione's application for costs and attorney's fees need not be filed immediately, pursuant to Rule 11 of the Civil Rules of the Southern District of New York.

Defendant argues that even if the local rule does not require the fee application to be submitted within thirty days of entry of judgment, its intent in making the offer of judgment was to resolve Ms. Forgione's case quickly and to know the total cost of its settlement with her. *See* Letter from Gerald S. Hartman, dated November 30, 1992, ¶ 2. However, defendant's offer of judgment explicitly left open the amount of attorney's fees for later determination by the Court. It therefore seems clear that the defendant was prepared to settle this case even without knowing what its total cost would be. Significantly, the defendant does not claim that as part of their settlement agreement the parties agreed upon the timing of Ms. Forgione's application for attorney's fees. In fact, at oral argument, counsel for both parties indicated that the timing of the *Forgione* fee application was not the subject of negotiation and was never even discussed. Accordingly, I cannot conclude that the agreement or intent of the parties requires that the issue of attorney's fees be decided now.

■ In the absence of a governing rule or agreement, the timing of the motion for attorney's fees should turn upon considerations of judicial economy and the potential for prejudice to either one or both of the parties. *Cf. White v. New Hampshire Department of Employment Security*, 455 U.S. at 454, 102 S.Ct. at 1167–68 (court's discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party). Routinely, it is the prevailing plaintiff who seeks to expedite the payment of her attorney's fees; the losing party is rarely heard to argue that it would be prejudiced by the delay in its pay-

---

1. Section (c) of Rule 11 specifies those items that are taxable as costs and does not include attor-

ney's fees. This section, however, is only applicable to the Eastern District of New York.

ment of costs, except where it was unfairly surprised by a long-delayed and unexpected fee application. This is not such a case. Defendant knows of plaintiff's intent to seek fees and, indeed, has been provided with an estimate of the costs and fees incurred. In light of the above, defendant has been unable to identify, nor can I foresee, any specific prejudice defendant might suffer by deferring consideration of Ms. Forgione's attorney's fees request until the conclusion of the related cases of Mr. Miano, Mr. Weinstein and Mr. Widener. In fact, all parties might be harmed by being forced to litigate what is anticipated to be a disputed fee application at a time when the three related cases are, for all practical purposes, ready for trial.

Further, I agree with plaintiff's counsel that judicial economy and the efficient use of counsel's resources would best be served by a consolidated fee application on behalf of all prevailing plaintiffs in these actions. The *Forgione, Miano, Widener* and *Weinstein* cases have been consolidated for the purpose of discovery and a motion for consolidation of the trials in *Miano, Weinstein* and *Widener* is currently pending. The legal issues in all four cases are virtually identical and there is substantial overlap in their facts. Accordingly, the vast majority of the hours spent by plaintiff's counsel have been expended on work which advanced all four cases.

 Defendant argues that the work done for Ms. Forgione has been completed and she is simply entitled to 25% of whatever time has been expended by counsel on work which involved the four actions. That is not necessarily the case. Even if none of the remaining plaintiffs prevail at trial, Ms. Forgione may still be entitled to recover attorney's fees for all of the hours reasonably expended by her attorney to advance her case, not merely 25% of his time. *See Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 581 (9th Cir.1984) (no reduction of fee award to

prevailing plaintiff where claims of winning and losing plaintiffs were essentially identical and involved the same preparation by counsel). Further, whatever agreement plaintiffs and their counsel had with regard to payments of costs and fees in these actions (there has been some suggestion that Ms. Forgione has already paid Mr. Meirowitz his fees—25% of the time he spent on these actions) does not control the Court's determination of a reasonable fee pursuant to ADEA. "The criterion for the court is not what the parties agree but what is reasonable." *Blanchard v. Bergeron,* 489 U.S. 87, 92, 109 S.Ct. 939, 943, 103 L.Ed.2d 67 (1989). A reasonable attorney's fee "contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount." *Blanchard v. Bergeron,* 489 U.S. at 93, 109 S.Ct. at 944.

A reasonable fee is determined by reference to the circumstances of the representation, and in this case the same attorney represented four plaintiffs in substantially overlapping matters. Accordingly, what hours were reasonably spent and what hourly billing rate might reasonably be charged in any individual case will necessarily be informed by the activities and outcomes of the related cases. If the Court must determine a fee application for Ms. Forgione alone, it will be required to consider, at this time, activity undertaken in all four actions and, perhaps, to reconsider similar issues in subsequent fee applications by prevailing plaintiffs in the related cases.[2] Under the circumstances, bifurcated fee proceedings would most likely complicate and prolong fee determinations rather than simplify and expedite them as defendant contends.[3] I

---

**2.** In fact, duplicative, bifurcated fee applications and hearings might actually prejudice the defendant, as plaintiffs' counsel is entitled to seek fees for activities related to fee applications. *See e.g. Donovan v. CSEA Local Union 1000,* 784 F.2d 98, 105 (2d Cir.1986); *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Cefali v.*

*Buffalo Brass Company, Inc.,* 748 F.Supp. 1011, 1021 (S.D.N.Y.1990); *Williamsburg Fair Housing Committee v. Ross–Rodney Housing Corp.,* 599 F.Supp. 509, 521 (S.D.N.Y.1984).

**3.** Plaintiff's counsel has also argued that because a fee application would disclose work done jointly for all four cases, the detailed records submit-

therefore conclude that deferring the For-gione fee application would both serve the interests of judicial economy and the parties.

CONCLUSION

For the foregoing reasons, I respectfully recommend that Ms. Forgione's application for costs and attorney's fees should be deferred until the three related cases have been decided and a single consolidated fee application is presented on behalf of all prevailing plaintiffs.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Leonard B. Sand, U.S.D.J., and to the chambers of the undersigned, Room 115. Any requests for an extension of time for filing objections must be directed to Judge Sand.